G. V. SALTS and Gary Salts and Sharon Salts, Plaintiffs,

v.

BRIDGEPORT MARINA, INC., and Stanley G. Wallace, Defendants and Third-Party Plaintiffs,

v.

KAWASAKI MOTORS CORP., U. S. A., Third-Party Defendants.

No. 79–4027–CV–C–5.

United States District Court, W. D. Missouri, C. D.

March 15, 1982.

lowing reasons, the Court grants the plaintiffs' motion for summary judgment and dismisses the counterclaim of the Marina.

## A.

The parties agree that there are no facts in dispute with respect to the jet ski rental agreement and that this Court need only decide whether the purported indemnification clause should be given effect in favor of the Marina in the event a judgment is rendered against it. Gary Salts entered into a rental agreement with the Marina so that his fourteen-year-old son could ride a jet ski manufactured by the third-party defendant. One of the terms of the agreement provided that

> [Gary Salts] agrees to assume all and full responsibility and liability of the jet ski against neglect, damages or personal injuries to others, thereby releasing the [Marina] of all damages or obligations.

On the basis of this term, the Marina has filed a counterclaim against Gary Salts for indemnification of any judgment which Salts' son might be awarded against the Marina on account of the Marina's negligent conduct.

█ Under the common law of Missouri, a party is not to be indemnified for damages resulting from its own negligent conduct in the absence of a "clear and unequivocal" expression of intent to indemnify on the part of the indemnifying party. *Parks v. Union Carbide Corp.*, 602 S.W.2d 188, 190 (Mo.Banc 1980). In determining whether the lease clearly expresses an intent on the part of Gary Salts to indemnify the Marina for the Marina's own negligent acts, this Court turns to the small body of Missouri decisional law which has applied the indemnity principles. These cases can be divided into two categories. The first category consists of cases in which the Missouri courts have uniformly refused to uphold a purported indemnification clause, despite seemingly clear language, because the parties did not "clearly and unequivocally" intend for the supposed indemnifying party to act as liability insurer for the negligent conduct of the indemnified party. *See, Parks v. Union*

Fred Wilkins, Kansas City, Mo., for plaintiffs.

Alex Bartlett, Bartlett & Venters, P. C., Jefferson City, Mo., Hamp Ford, Columbia, Mo., Patrick Lysaught, Jackson & Sherman, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

The Salts have moved for summary judgment on the counterclaim of Bridgeport Marina ("Marina") on the ground that the Marina cannot claim a contractual right to indemnification against Gary Salts, the father of a boy injured while riding a jet ski, for any award of damages the boy might recover against the Marina on account of the Marina's negligent conduct. The question of whether the terms of a jet ski rental agreement entered into by Gary Salts and the Marina "clearly and unequivocally" provides for indemnification is, as a matter of law, appropriate for resolution in this summary judgment motion. Thus, for the fol-

Carbide, supra; Missouri Dist. Telegraph Co. v. Southwestern Bell Telephone Co., 338 Mo. 692, 93 S.W.2d 19 (1935); Commerce Trust Co. v. Katz Drug Co., 552 S.W.2d 323 (Mo.App.1977); Southwestern Bell Telephone Co. v. Tobin Construction Co., 536 S.W.2d 881 (Mo.App.1976). The second category consists of cases in which the Missouri courts have upheld an indemnification agreement between commercially equal parties because the parties intended for the indemnifying party to act as a liability insurer for the negligent conduct of the indemnified party. See, Terminal R. Ass'n of St. Louis v. Ralston Purina, 352 Mo. 1013, 180 S.W.2d 693 (1944). Accord, Missouri Pacific R. Co. v. Rental Storage and Transit Co., 524 S.W.2d 898 (Mo.App.1975). When these two lines of cases are compared, it is apparent that the courts of Missouri are not wholly concerned with the express language of the agreement in determining whether there is "clear and unequivocal" intent to indemnify, but are also concerned with whether or not the indemnifying party intended to serve as a liability insurer.

This critical distinction is manifested in the Missouri Supreme Court's reasoning in the Ralston Purina case. Terminal R. Ass'n of St. Louis v. Ralston Purina, 352 Mo. 1013, 180 S.W.2d 693, 696–97 (1944). The contract entered into by the Railroad and Ralston Purina provided that "[Ralston-Purina] shall save and hold harmless the Railroad from all loss * * * caused by obstructions being closer" to the railroad track than previously specified in the contract. Id. 180 S.W.2d at 696. This clause was given effect in favor of the Railroad when the administratrix of a deceased employee of the Railroad won a verdict against it. Id. at 694. The court prefaced its analysis of the effect of the agreement with a discussion of general liability insurance policies which protect an indemnified party against its own negligence. Id. at 696.

In analyzing the effect of the agreement, the court cited Missouri cases and cases from other jurisdictions which had construed similar agreements as contracts of insurance. Id. at 696–97. Conspicuously absent from its discussion is its earlier opinion in Missouri Dist. Telegraph Co. v. Southwestern Bell Telephone Co., 338 Mo. 692, 93 S.W.2d 19 (1935) which adopted the "clear and unequivocal" test for the construction of general indemnity agreements. The Ralston-Purina court presumably did not rely on the District Telegraph because the District Telegraph case did not involve an indemnity agreement which could be fairly viewed as the embodiment of an insurance contract entered into by commercially equal parties.

The theme of "commercial equality" in the negotiation of an indemnity agreement which insures one party against its own negligence has been amplified in more contemporary opinions of the Missouri Supreme Court. In Kansas City Power & Light Co. v. Federal Const. Corp., 351 S.W.2d 741, 745 (Mo.1961), the court said that in a commercial setting, "where parties stand on a substantially equal footing, one may legally agree to indemnify the other against the results of the indemnitee's own negligence." Accord, Parks v. Union Carbide Corp., 602 S.W.2d 188, 190 (Mo.Banc 1980). This Court gleens from these cases that the courts of Missouri are sensitive not only to the "clear and unequivocal" intent to insure, but also to the commercial setting in which the agreement is entered. Sensitivity to the commercial setting is, therefore, required of this Court in its construction of the jet ski rental agreement.

The Marina has not asserted that it intended for the rental agreements which it entered into with its customers to replace liability insurance for its negligent acts. Further, it is not asserted that individual customers of the Marina are on an equal commercial footing with the Marina. All of the cases cited by the parties involved agreements between commercial entities which were engaged in an ongoing commercial relationship. There is certainly no ongoing business relationship between commercially equal parties in this case. Since Missouri law does not look favorably on indemnity contracts where the parties are of unequal bargaining power, and despite

the seemingly all-inclusive language of the jet ski rental agreement signed by Gary Salts, this Court finds that the rental agreement does not manifest a "clear and unequivocal" intent on the part of Salts to act as a liability insurer for the negligent acts of the Marina.

Accordingly, it is hereby

ORDERED that the plaintiffs' motion for summary judgment is granted and the counterclaim of the Marina is dismissed.