CONTINENTAL GRAIN
COMPANY, Plaintiff,

v.

NORTH KANSAS CITY ELECTRIC
COMPANY, INC., et al.,
Defendants.

No. 85–1435–CV–W–1.

United States District Court,
W.D. Missouri, W.D.

April 23, 1987.

Thomas E. Rice, Jr., Edward H. Sheppard, Baker & Sterchi, Kansas City, Mo., for plaintiff.

R. Frederick Walters, Linde, Thomson, Fairchild, Langworthy, Kohn & Van Dyke, Kansas City, Mo., for defendants.

MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

This case pends on defendant North Kansas City Electric's (NKCE) motion for summary judgment, and on plaintiff Continental Grain Company's motion for partial summary judgment. In its fourth amended complaint, plaintiff added the names of Charles R. Owsley, Maurine S. Owsley and Cynthia O. Muench as defendants, alleging that these individuals became statutory trustees of NKCE pursuant to Mo.Rev. Stat. § 351.525.

I.

The parties have filed stipulations and supplemental stipulations which state the following undisputed facts:

On June 24, 1982, Continental Grain and NKCE entered into Purchase Order No. 133888 for electric repair service which

NKCE was to perform at the Continental Grain elevator in Kansas City, Missouri. First Supp. Stip. ¶ 5(b). On July 8, 1982, while the work was being performed pursuant to Purchase Order No. 133888, an electrical accident occurred in the power supply room at the Continental Grain elevator, injuring O.J. Dotson. O.J. Dotson was an employee of NKCE. *Id.*, ¶¶ 5(d) and (e).

O.J. Dotson and his wife brought an action in the Circuit Court of Jackson County, Missouri, case number CV84–5538, against Continental Grain, as defendant, for the injuries suffered in the accident at the power supply room of Continental Grain's elevator. The Dotson claim was based on the theory that Continental Grain negligently failed to maintain its premises in a proper and safe condition. Continental Grain was permitted to file a third party petition against NKCE in which it alleged, *inter alia*, that NKCE had a duty of indemnification to Continental Grain. *Id.*, ¶ 5(f). Paragraph 13 of the purchase order agreement sets out the indemnification agreement between the parties.[1]

The Dotson lawsuit was voluntarily dismissed with prejudice by the Dotsons because of a settlement agreement between the Dotsons and Continental Grain. Continental Grain agreed to pay the Dotsons $375,000.00. *Id.*, ¶ 5(g).

Mr. Dotson brought a workers' compensation claim against NKCE, case number 82–31417, based on injuries suffered in the Continental Grain elevator accident. The workers' compensation claim was settled and the claim dismissed on December 10, 1985. *Id.*, ¶ 5(h).

Birdway, Inc., the parent company and owner of NKCE at the time of the accident, purchased and maintained certain policies of comprehensive general liability insurance (Aetna Policy No. 30GL1965CCS),

commercial umbrella insurance (Aetna Policy No. 30XS111666CCA), and excess liability insurance (Indiana Lumberman's Policy No. EXS13137541). NKCE was a named insured under each insurance policy. Continental Grain was not a named insured under any of the policies. *Id.*, ¶ 5(j).

In February, 1982, before work began on Purchase Order No. 133888, NKCE sent Continental Grain the certificate of insurance in order to show Continental Grain that NKCE purchased and maintained the insurance coverage required under Paragraph No. 13 of Purchase Order No. 133888. Continental Grain, after receipt of the certificate of insurance, did not object, complain or advise NKCE or any of the named insureds, that the insurance was not satisfactory at any time before the accident occurred. Copies of the insurance policies were not requested by nor were they sent to Continental Grain. *Id.*, ¶ 5(k).

Plaintiff filed this action on November 11, 1985. Plaintiff filed its fourth amended complaint on April 11, 1986. Count I of plaintiff's fourth amended complaint alleges that it is entitled to indemnification for the moneys paid out in settlement on the Dotson lawsuit pursuant to paragraph 13 of Purchase Order No. 133888. Count II alleges that NKCE was negligent. Counts III and VI allege that NKCE failed to maintain proper insurance coverage as required by the Purchase Order. Counts IV and V allege breach of express and implied warranties, contrary to the agreements of paragraphs 7 and 5 of the Purchase Order.

Defendants have filed a motion for summary judgment and an amended motion for summary judgment in regard to Counts I, III, IV, V, and VI of plaintiff's fourth amended complaint. Plaintiff has filed a motion for partial summary judgment on

---

**1.** Paragraph 13 is the clause primarily at issue in this action. It reads as follows:

LIABILITY FOR INJURY Seller agrees to be responsible for and to indemnify and save harmless the Buyer and its employees and customers from, any and all injury, death, damage and loss to persons or property arising out of or incident to the work to be performed by Seller, the property purchased

or breach of warranties, pursuant to the order, whether occurring on the premises of Seller or buyer or elsewhere. Buyer shall give Seller prompt notice when claims arise hereunder. Seller agrees to carry and maintain insurance coverage satisfactory to Buyer to cover the above, and upon Buyer's request to furnish to Buyer certificates or other appropriate evidence of such insurance.

the insurance and indemnification counts of its fourth amended complaint.

Jurisdiction in the above-styled case is based upon 28 U.S.C. § 1332. The parties agree in their first supplemental stipulation, that "[t]here are no issues of material facts in dispute which are needed in order for the Court to rule upon defendants' motion for summary judgment and plaintiff's motion for partial summary judgment." They further agree that "plaintiff's claims relating to the indemnity agreement ... may be separated out pursuant to F.R.C.P. 42(b)." We agree that no issues of material fact exist which would preclude this Court from ruling on the pending motions for summary judgment as to Counts I, III, V, and VI of plaintiff's fourth amended complaint. *See* Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett, Administratrix of the Estate of Catrett,* —— U.S. ——, ——, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). For the reasons set forth below, we find and conclude that defendants' motion for summary judgment should be granted in part and denied in part, and plaintiff's motion for partial summary judgment should be denied.

## II.

Count I of plaintiff's fourth amended complaint alleges that "plaintiff Continental is entitled to full and complete indemnity from defendant NKCE for the entire dollar amount of the settlement agreement reached between Continental and the Dotson[s]." Fourth amended complaint, ¶ 26. The basic question of law presented is whether NKCE, in paragraph 13 of Purchase Order No. 133888, agreed to indemnify Continental under the circumstances presented here.

Continental argues that "Paragraph 13 of Contract No. 133888 unambiguously and unequivocally shifts full financial responsibility to NKCE for any and all injury, loss

or damage arising out of or incident to performance of Contract No. 133888, ... even if Continental's negligence was the sole cause." Plaintiff's response brief at 4. Whether a contract is ambiguous is a question of law for the Court. *Atkins v. Hartford Casualty Ins. Co.,* 801 F.2d 346, 348 (8th Cir.1986) (citing *Press Machinery Corp. v. Smith R.P.M. Corp.,* 727 F.2d 781, 784 (8th Cir.1984)). We agree that the contract is unambiguous. We cannot, however, conclude under the applicable law that paragraph 13 contains an adequate provision of indemnification for plaintiff's negligence.

Missouri law provides that an indemnity agreement will not be construed to hold an indemnitee harmless from loss due to the indemnitee's own negligence unless the agreement reflects that that is the intention of the parties, and that intention is expressed in clear and unequivocal terms. *Missouri District Telegraph Co. v. Southwestern Bell,* 338 Mo. 692, 93 S.W.2d 19, 27 (1935) (en banc); *Parks v. Union Carbide Co.,* 602 S.W.2d 188, 190 (Mo.1980) (en banc); *Midwestern Realty Corp. v. City of Grandview,* 416 S.W.2d 35, 38 (Mo.App. 1967); *Commerce Trust Co. v. Katz Drug Co.,* 552 S.W.2d 323, 326 (Mo.App.1977); *Salts v. Bridgeport Marina,* 535 F.Supp. 1038, 1039 (W.D.Mo.1982); *City of Clayton v. Grumman Emergency Products,* 576 F.Supp. 1122, 1127–28 (E.D.Mo.1983). We have carefully considered paragraph 13 of Contract No. 133888 and conclude that it does not contain a clear and unequivocal statement of intent that NKCE indemnify Continental for its own negligence as required by Missouri law.[2]

In *Kansas City Power & Light Co. v. Federal Construction Corp.,* 351 S.W.2d 741, 743–745 (Mo.1961), the Supreme Court of Missouri held that an indemnification agreement similar to paragraph 13 at issue here did not contain a clear and unequivo-

---

**2.** On July 9, 1982, one day after the Dotson accident, NKCE executed a different indemnification agreement with Continental pursuant to Purchase Order Number 136298. Supp. Stipulation, ¶ 5(i) and Exh. E. Although that supplemental indemnification clause is not applicable to this action, it does demonstrate a clause

which clearly indemnifies Continental for its own negligence. The supplemental clause provides, in part, that NKCE shall indemnify Continental for all losses arising "through any act or omission on the part of ... Continental Grain Company, its Officers...."

cal intention to indemnify the plaintiff for its own negligence. That case further concluded that the mere fact that the contract requires the indemnitor to provide insurance does not extend the coverage of the indemnity agreement to the negligence of the plaintiff. *Id.* at 746. *See also Commerce Trust Co. v. Katz Drug Co., supra,* 552 S.W.2d at 325.

Plaintiff's negligence was obviously at issue in the State court action brought against plaintiff by Mr. and Mrs. Dotson. Plaintiff settled that claim for $375,000.00. It is that settlement amount, plus related costs, for which plaintiff claims indemnification under paragraph 13. Plaintiff concedes that the issue presented is whether the indemnification clause in the contract covers plaintiff's own negligence. We find and conclude that paragraph 13 of Contract No. 133888 does not, under the applicable Missouri law, require NKCE to indemnify Continental for the injuries suffered by O.J. Dotson which were the subject of Case No. CV84–5538 in the Circuit Court of Jackson County, Missouri. Accordingly, defendant's motion for summary judgment will be granted as to Count I of plaintiff's complaint.

### III.

Counts III and VI of plaintiff's fourth amended complaint allege that defendant NKCE breached paragraph 13 of Contract No. 133888 by failing "to carry and maintain insurance coverage satisfactory to [Continental] to cover the above, and upon [Continental's] request to furnish to [Continental] certificates or other appropriate evidence of such insurance." Plaintiff alleges that such breach caused plaintiff damages equal to the amount the Dotsons received in settlement of their State court action.

The parties stipulated that NKCE provided Continental with copies of certificates of insurance (Exh. I), "for the purpose of showing Continental Grain that NKCE purchased and maintained the insurance coverage required under paragraph No. 13 of

Purchase Order No. 133888." Supp. Stipulation, ¶ 5(k). It is further stipulated that Continental "did not object, complain, or advise NKCE or any of the named insureds, in any manner that the insurance was not satisfactory until sometime after the accident" and that "[c]opies of the actual insurance policies ... were not requested by Continental Grain." *Id.*

■ Paragraph 13 provides that the insurance coverage provided by NKCE was to be "satisfactory" to Continental. Although Continental was provided with certificates of insurance which reflected NKCE's coverage, Continental never advised NKCE that either its proof of insurance[3] or that the coverage itself was unsatisfactory. Continental is estopped from now claiming that NKCE's insurance coverage was unsatisfactory.

Plaintiff argues that the contract term "satisfactory to Buyer to cover the above" should be read to mean coverage which includes indemnification for plaintiff's negligent acts, because that is what would be "satisfactory" to Continental. Such an argument fails, however, in light of our finding, as a matter of law, that the indemnification provision does not encompass plaintiff's own negligence.

Although the insurance certificates were sent to and received by plaintiff four months before work began on Purchase Order No. 133888, that fact of timing is not material in light of the parties' agreement that the certificate of insurance was sent to Continental "for the purpose of showing Continental Grain that NKCE purchased and maintained the insurance coverage required under Paragraph 13." Supp. Stip. ¶ 5(k). Accordingly, we find and conclude that defendants' motion for summary judgment on Counts III and VI should be and is hereby granted.

### IV.

### A.

Count IV of plaintiff's fourth amended complaint alleges that defendant NKCE

---

**3.** Apparently the custom of the industry is to provide certificates rather than the policies themselves as evidence of coverage. Exh. H attached to plaintiff's response to defendants'

amended motion for summary judgment, Charles R. Owsley deposition, pp. 76–77. In any event, the parties agree that Continental never requested copies of the policies themselves.

breached the express and implied warranties of paragraph 7 of Contract No. 133888. Count V alleges breach of paragraph 5 of the contract by failing "to indemnify and save harmless Buyer for and from any and all liabilities, expenses, costs, and damages which Buyer may be put to or incur or suffer as a result of Seller's failure" to comply with "all applicable federal, state and local laws, rules and regulations." Count V thus essentially reasserts the indemnification allegations made in Count I.

For the reasons stated in part II above, defendant's motion for summary judgment is granted as to Count V.[4]

### B.

 Defendants' motion as to Count IV, however, must be denied. Count IV addresses the conduct of defendant NKCE and whether NKCE performed its obligations pursuant to paragraph 7[5] of the contract. These factual issues were not addressed in the stipulations, and we find and conclude that material issues of fact remain as to whether NKCE breached its obligations pursuant to paragraph 7.

The files and records in this case show that at a pretrial conference held on March 25, 1986, the parties "agreed and the Court approved that the parties would complete discovery in this case according to the joint proposed scheduling order which was approved by the Court." The joint order scheduling discovery, filed March 27, 1986,

provided for the completion of discovery on or before June 2, 1986. We assume that that order has been complied with and that Counts II and IV of plaintiff's fourth amended complaint, the only remaining portions of the case, are now ready for trial. An appropriate order will be entered so that counsel may confirm the Court's assumption that all discovery is now completed.

Accordingly, it is

ORDERED (1) that defendant's motion for summary judgment should be and is hereby granted as to Counts I, III, V, and VI of plaintiff's fourth amended complaint. It is further

ORDERED (2) that defendant's motion for summary judgment should be and is hereby denied as to Count IV of plaintiff's fourth amended complaint. It is further

ORDERED (3) that plaintiff's motion for summary judgment should be and is hereby denied. It is further

ORDERED (4) that within ten (10) days from the date of this order, counsel shall jointly file a written report to the Court in which they shall state whether all discovery is completed, and that the case may thus be set for trial on Counts II and IV of plaintiff's fourth amended complaint.

---

4. Plaintiff's motion for partial summary judgment states the arguments which are the converse of those presented by defendants in their motion for summary judgment on the indemnity and insurance counts of plaintiff's fourth amended complaint. Accordingly, plaintiff's motion for partial summary judgment must be denied.

5. Paragraph 7 provides:
    WARRANTIES In addition to and without prejudice to all other warranties, both express and implied, Seller warrants that the supplies or services furnished hereunder will be (i) free from defects in workmanship and material, (ii) to the extent such supplies or services are not furnished pursuant to detailed designs provided by Buyer, free from defects in design, (iii) suitable for the purposes intended and "(iv) in compliance with any applicable safety standards presently effective under the Federal Occupational Safety and Health Act of 1970 or state equivalents thereof," (v) in compliance with all requirements of this order and all applicable drawings, specifications, samples, representations or other descriptions. All warranties, both express and implied, including the above, shall constitute conditions, shall survive inspection, acceptance and payment and shall inure to Buyer, its customers and users. Without limitation of any rights by reason of any breach of warranty or otherwise, supplies or services which are not as warranted may at any time be returned to Seller at Seller's expense for credit, correction or replacement, as Buyer may direct, and in·the event Seller fails promptly to correct or replace, as directed by Buyer, in addition to the rights stated above or otherwise, Buyer shall have the right to terminate this order as provided in the clause hereof entitled "Termination With Cause."