0509

William B. HELTON, Jr., M.D., Eugene R. Griffith, M.D., and Stephen C. Gooding, M.D., Plaintiffs, v. The ST. PAUL FIRE AND MARINE INSURANCE COMPANY, Pacific Indemnity Company, and Interstate Fire and Casualty Company, Defendants, of whom The St. Paul Fire and Marine Insurance Company and Pacific Indemnity Company are both, Appellants and Respondents. Appeal of The ST. PAUL FIRE AND MARINE INSURANCE COMPANY and Pacific Indemnity Company.

(332 S. E. (2d) 776)

Court of Appeals

*James W. Hudgens,* of *Ward, Barnes, Long, Hudgens & Adams,* of Spartanburg, *for appellants and respondents.*

*John P. Britton,* of *Rainey, Britton, Gibbes & Clarkson, P.A.,* of Greenville, *for plaintiffs.*

Heard April 24, 1985.

Decided June 24, 1985.

GARDNER, Judge:

William B. Helton, Eugene R. Griffith and Stephen C. Gooding (the doctors) brought this declaratory judgment action against the appellant insurance companies seeking to determine the nature and extent of malpractice liability coverage provided by each of them. The St. Paul Fire and Marine Insurance Co. (St. Paul) filed a demurrer which the trial court overruled. The trial court then granted the doctors' motion for summary judgment against St. Paul and Pacific Indemnity Co. (Pacific). We reverse and remand.

The genesis of this action is a suit against the doctors arising out of their supposed negligent delivery and care of an infant. In that suit (the Watkins' suit), it is alleged that the doctors began to care for the mother in March 1975 and that the infant was born on November 1, 1975.

St. Paul insured the doctors prior to July 1, 1975, and Pacific insured them after June 30, 1975.

The Watkins' complaint alleges that the doctors failed to properly diagnose the mother's due date. All the other delicts alleged are clearly set in time after St. Paul's policy period. St. Paul's policy, which was incorporated by reference in the doctors' complaint, only provided coverage against occurrences resulting in injuries during the policy period. There is no allegation in the Watkins' complaint that the fetus was *injured* prior to July 1, 1975. St. Paul therefore provided no coverage for injuries alleged to have occurred after July 1, 1975. Insurance policies will be interpreted according to their plain meaning. Our courts must enforce, not write, contracts of insurance and must give policy language its plain, ordinary and popular meaning. The meaning of policy language cannot be tortured in order to extend or defeat coverage that was never intended by the parties. *Gambrell v. The Travelers Insurance Companies*, 280 S. C. 69 at 71, 310 S. E. (2d) 814 at 816 (1983).

St. Paul's demurrer was based upon the language of its policy, i.e., that it only provided coverage for injuries sustained during the policy period. No injuries are alleged to have been sustained during the policy period. For this reason the trial court erred in overruling the demurrer. It should have been sustained. The appealed order must be reversed.

In his order granting summary judgment, the trial court ruled that Pacific was the primary insurer and that St. Paul was secondarily liable. Since we find no loss during the period of the St. Paul policy, we must also reverse the order of summary judgment.

For the reasons stated, the appealed order is reversed and remanded for entry of judgment in accordance with this decision.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.