1064

GORDON FARMS, INC., d/b/a Hillcrest Shopping Center, Respondent
v. CAROLINA CINEMA CORP., Appellant.

(363 S. E. (2d) 235)

Court of Appeals

*Edward A. Lamb*, Spartanburg, *for appellant.*

*James B. Drennan, III*, Spartanburg, *for respondent.*

Heard Nov. 10, 1987.

Decided Dec. 7, 1987.

GARDNER, Judge:

This case involves the construction of a lease dated December 15, 1971, between Hillcrest Development Corporation, predecessor-in-interest to Gordon Farms, d/b/a Hillcrest Shopping Center (Gordon Farms) and Columbia Theatres, Inc., predecessor-in-interest to Carolina Cinema Corporation (Carolina Cinema). The appealed order held that the two pertinent provisions of the lease relating to the payment of taxes were ambiguous and allowed extraneous evidence to ascertain the intention of the parties. After allowing extraneous evidence, the circuit judge entered judgment for Gordon Farms. We reverse and remand.

The sole issue of merit is whether extraneous evidence was admissible because the pertinent contract provisions were ambiguous.

The pertinent provisions of the lease are:

> The Landlord [Gordon Farms] shall pay ad valorem taxes levied or assessed by the City of Spartanburg and Spartanburg County against the real property owned by the Landlord, together with the improvements placed thereon by it, and the Tenant [Carolina Cinema] shall pay all ad valorem taxes levied or assessed by the City of Spartanburg and Spartanburg County against the personal property placed in or upon the said leased premises, together with any improvements or additions made thereto by the Tenant.

> If the ad valorem taxes levied against the land and improvements or either, which constitute the Hillcrest Shopping Center site are increased to an amount more than levied during the first year subsequent to the initial occupancy of the demised premises by the Tenant, then the Tenant shall reimburse the Landlord for the pro-rated part of said excess as the Tenant's gross rent bears to the total gross floor area of the structures within the area of the shopping center as shown in the site plan referred to herein before. *Landlord agrees the tenant may deduct any tax payments made hereunder from any percentage rent that may become or has become due pursuant to paragraph 2.* [Emphasis ours.]

The issue of the case in hand is whether the underlined portion of the above quote is ambiguous. The trial court held

this portion of the contract to be ambiguous. We hold there is no ambiguity and, therefore, reverse and remand.

A contract is ambiguous only when it may fairly and reasonably be understood in more ways than one. *Farr v. Duke Power Co.*, 265 S. C. 356, 218 S. E. (2d) 431 (1975). Parties to a contract have a right to make their own contracts, and when the contracts they make are capable of clear interpretation, the court's province is confined to the enforcement of the contract as written; the court cannot exercise its discretion as to the contents of the contract or substitute its own construction for an agreement clearly entered into between the parties. *Bruce v. Blalock*, 241 S. C. 155, 127 S. E. (2d) 439 (1962). In ascertaining the intention of the parties, the court must first look to the language of the contract. *Blakeley v. Rabon*, 266 S. C. 68, 221 S. E. (2d) 767 (1976). And if the language of the contract is clear and capable of legal construction, the language alone determines the force and effect of the instrument. *Superior Automobile Insurance Co. v. Maners*, 261 S. C. 257, 199 S. E. (2d) 719 (1973). Moreover, the words used in the contract should be given their usual and ordinary meaning except where it appears that they were used in a different sense or have a technical meaning. *Blakeley v. Rabon, supra.*

Applying the above rules to the contract before us, we hold that the underlined portion of the above quote clearly states that the landlord agrees that the tenant may deduct any tax payments made thereunder from any percentage rent that may become or has become due pursuant to paragraph two. The taxes involved are for the years 1982 and 1983, more than a decade after the contract was entered into; applying the above language, these taxes clearly come within the meaning of the words "tax payments—that may become or has (sic) become due pursuant to paragraph 2." The language is simple and easy to understand; we hold the contract to be unambiguous.

After having held that the above wording was ambiguous, the trial court admitted extraneous evidence to establish the intent of the parties. This was reversible error. No authority is needed for the proposition that extraneous evidence is not admissible to alter or vary the terms of an unambiguous written contract.

For the reasons stated, the appealed order is reversed and the case is remanded for entry of judgment in favor of Carolina Cinema.

Reversed and remanded.

GOOLSBY, J., and LITTLEJOHN, Acting Judge, concur.