**CANAL INSURANCE COMPANY, Plaintiff, Appellee,**

v.

**CAROLINA CASUALTY INSURANCE COMPANY, Defendant, Appellant.**

No. 94–2129.

United States Court of Appeals, First Circuit.

Heard Feb. 6, 1995.

Decided July 13, 1995.

282

Jeffrey S. Stern with whom Sugarman, Rogers, Barshak & Cohen, Boston, MA, was on brief, for appellant.

George R. Suslak with whom Stanton & Lang, Lynnfield, MA, was on brief, for appellee.

Before TORRUELLA, Chief Judge, ALDRICH, Senior Circuit Judge, and CYR, Circuit Judge.

1. Strictly, Wing was added by Carolina.

ALDRICH, Senior Circuit Judge.

By stipulation it appears that in August 1988 a tractor-truck, hereinafter the accident truck, owned by Jean L. Burnell, but leased to .R.H. Graves Trucking Company (Graves) and operated by a Graves employee, John Rowe, Jr., on Graves business, struck and injured one Jeanne Wing, a citizen of Massachusetts, where the accident occurred. Graves was a New Hampshire company and had a so-called package liability insurance policy issued by Carolina Casualty Insurance Company (Carolina) covering all listed trucks and, under certain terms, unlisted trucks. In August 1988, when the accident occurred, the accident truck was unlisted. It was, however, insured by Burnell by Canal Insurance Company (Canal). There were many endorsements on both policies, including, on the Carolina policy, only, an endorsement required by the Interstate Commerce Commission.

Canal brought a declaratory judgment proceeding in the Massachusetts District Court against all of the above.[1] In due course Wing settled all claims for $55,000. This was paid, one half each, by Canal and Carolina under an agreement that their respective claims against each other should be resolved by the court. Each company moved for summary judgment. The court ruled that the full $55,000 obligation was owed by Carolina because of the ICC endorsement, and that it should pay Canal for its advance. Carolina appeals. We reverse in part.

█ The insurance companies are from Florida and South Carolina; the policies for some not apparent reason were written in Maine, and the present action was brought in Massachusetts. Graves was a New Hampshire company, and Burnell was a New Hampshire resident, and doubtless the trucks were registered there. We believe Massachusetts would consider the policies to be New Hampshire contracts. *Cf. Searls v. Standard Accident Co.*, 316 Mass. 606, 608, 56 N.E.2d 127 (1944); *Lee v. New York Life*, 310 Mass. 370, 373, 38 N.E.2d 333; *Bi–Rite Enterprises v. Bruce Miner Co., Inc.*, 757 F.2d 440, 443 (1st Cir.1985). The ICC en-

dorsement, of course, must be governed by federal law.

### The Carolina Policy

The Carolina policy covered unlisted trucks for 30 days after Graves acquisition, and then longer, under certain conditions, one of which was notice within the 30 days. None had been given for the accident truck. It is irrelevant that it might otherwise have qualified; lack of notice conclusively excluded it, except for the ICC endorsement, *post.*

### The Canal Policy

The Canal policy, by an endorsement, purports not to cover lessees. By a second endorsement, hereinafter the New Hampshire endorsement, it does cover them. Of this more later.[2]

### The ICC Endorsement

■ The ICC Insurance Branch requires a licensed interstate hauler's insurer, such as Carolina, to assume liability for all its hauler's truck accidents (up to $750,000) irrespective of the policy coverage, or whether the hauler has paid individual premiums on that truck. The various circuits have taken three different views of this situation. *See Empire Fire & Marine Ins. Co. v. Guaranty National Ins. Co.,* 868 F.2d 357, 363 (10th Cir.1989) (cases collected). We have taken none. On reflection, we consider the ICC endorsement to be, in effect, suretyship by the insurance carrier to protect the public—a safety net— but not insurance relieving Canal, or any other insurer. On the contrary, it simply covers the public when other coverage is lacking. The question comes, did Canal supply any?

### Canal Revisited

■ For Canal's liability we are presented with two, on their face conflicting, endorsements, one embracing coverage for lessees, one excluding them. In her application for the policy Burnell had denied an intention to lease. The excluding endorsement recited

that in consideration of the premium—presumably reduced premium—lessees were not included in the policy. At the same time the New Hampshire Financial Responsibility Law, N.H. RSA 259:61 I, provided that motor vehicle coverage (to the extent of $25,000) must be extended to all operators excepting those acting in violation of the owner's rights.

Obligations imposed by the New Hampshire Financial Responsibility Law prevail over any contrary language in the policy. *Universal Underwriters Ins. Co. v. Allstate Ins. Co.,* 134 N.H. 315, 318, 592 A.2d 515 (1991). Correspondingly, in fairness to the insurer, beyond this the excluding policy terms should stand. *Id.* (Policy provision that all liability in certain instances would be considered "excess" invalid as to first $25,000 (only) called for by New Hampshire law). So here we resolve the conflict by holding that after the New Hampshire $25,000 payment the endorsement excluding lessees takes over. The New Hampshire rule is the same whether the injured party is claiming or the issue is between insurance companies. *Universal Underwriters,* 134 N.H. at 317, 592 A.2d 515.

It might be asked whether New Hampshire law should apply where the claiming event occurred in Massachusetts. The New Hampshire court has held location immaterial. *Id.; Gay v. Preferred Risk Mutual Ins. Co.,* 114 N.H. 11, 314 A.2d 644 (1974). The facts in these cases are distinguishable, but we decline to initiate the question whether the New Hampshire legislature has power to compel a New Hampshire citizen to be financially responsible to an out-of-state resident injured out of state.

■ It follows that Canal was responsible for this risk to the extent of $25,000, but as Carolina's ICC endorsement requires it to pick up the balance it must recompense Canal to the extent of $27,500 less $25,000, or $2,500.

---

**2.** Carolina's claim that acts of the lessee imposed direct liability on Burnell as owner is meritless. Its attempt to invoke Mass.Gen.L. c. 231 § 85A, that any operator is prima facie an agent of the

owner's, even if applicable to foreign owners and registrants, is conclusively answered by the stipulated facts.

*Reversed and remanded for further proceedings consistent herewith. No costs.*