530 S.E.2d 660

UNITED SERVICES AUTOMOBILE
ASSOCIATION, Respondent,

v.

Douglas J. MARKOSKY and State Farm Mutual
Automobile Insurance Company, Defendant,

of whom State Farm Mutual Automobile
Insurance Company is, Appellant,

v.

Danette Frazier, Third Party Defendant.

No. 3157.

Court of Appeals of South Carolina.

Heard Jan. 12, 2000.

Decided April 24, 2000.

Timothy A. Domin and Samuel R. Clawson, both of Clawson & Staubes, of Charleston, for appellant.

Charles H. Gibbs, Jr., of Sinkler & Boyd, of Charleston, for respondent.

HOWARD, Judge:

United Services Automobile Association (USAA) brought this action seeking a determination that State Farm Mutual Automobile Insurance Company owes coverage to the full extent of its insured's liability policy limits. State Farm appeals the trial court's grant of summary judgment to USAA, asserting that it is only liable for the minimum statutory limits, rather than the full policy amount, where its insured breached the cooperation clause in the policy. We reverse.

## FACTUAL/PROCEDURAL BACKGROUND

On November 20, 1994, Douglas J. Markosky was injured when the bicycle he was riding collided with a motor vehicle operated by Danette Frazier. Both parties claimed the other's negligence caused the accident. At the time of the accident, State Farm provided liability coverage to Frazier in amounts up to $50,000 per person, not to exceed $100,000 per accident. The policy's terms required Frazier to send State Farm "at once every demand, notice or claim made and every summons or legal process received." The policy also imposed upon Frazier a duty to cooperate with State Farm in the settlement or litigation of claims.

Markosky sued Frazier as a result of the accident. Frazier was served with the summons and complaint on August 29, 1995. She failed to answer or notify State Farm in any way that she had been served. The court placed her in default on or about September 29, 1995. State Farm was unable to obtain relief from the default, and the parties have stipulated that State Farm was prejudiced when it lost its right to contest Frazier's liability, assert Markosky's comparative negligence, and demand a jury trial on damages.

Markosky's total damages as a result of the accident are at least $65,000, and the parties have agreed that is a reasonable settlement amount. State Farm paid Markosky $15,000, but denies any additional coverage under the policy due to Frazier's failure to notify State Farm of the action. USAA, as Markosky's underinsured motorist coverage carrier, paid $50,000 to settle his total damages. In exchange, Markosky signed a policy release, assignment, and settlement agreement.

USAA then brought this declaratory judgment action to determine whether the State Farm policy affords an additional $35,000 in liability coverage to Frazier for the accident. State Farm and USAA agreed that State Farm would reimburse USAA for the UIM benefits paid to Markosky if such a determination were made.

The trial court granted USAA summary judgment, finding State Farm's attempt to avoid any coverage in excess of the mandatory minimum limits contravenes the requirements of the Insurance Code, S.C.Code § 38–77–10 *et seq.* (1989 & Supp.1999), and the Financial Responsibility Act, S.C.Code Ann. § 56–9–10 *et seq.* (1991 & Supp.1999). It held the State Farm policy provided Frazier a total of $50,000 in liability insurance coverage for Markosky's claims and damages.

## STANDARD OF REVIEW

"Summary judgment is appropriate when it is clear there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Wilson v. Moseley,* 327 S.C. 144, 146, 488 S.E.2d 862, 863 (1997) (citation omitted). "In ruling on a motion for summary judgment, the evidence and all inferences which can be reasonably drawn therefrom

must be viewed in the light most favorable to the non-moving party." *Id.*

## DISCUSSION

■ State Farm asserts unambiguous policy terms and conditions, as applied to coverage in excess of the minimum limits required by law, do not contravene the applicable statutory scheme. We agree.

■ "[I]nsurers have the right to limit their liability and to impose whatever conditions they desire upon an insured, provided they are not in contravention of some statutory inhibition or public policy." *Pennsylvania Nat'l Mut. Casualty Ins. Co. v. Parker,* 282 S.C. 546, 550–51, 320 S.E.2d 458, 461 (Ct.App.1984) (citations omitted). "Reasonable exclusionary clauses which do not conflict with the legislative expression of the public policy of the State as revealed in the various motor vehicle insurance statutes are permitted." *Id.* at 551, 320 S.E.2d at 461. "Where a statute requires insurance for the benefit of the public, however, the insurer is not permitted to nullify its purposes through engrafting exceptions from liability as to uses which it was the evident purpose of the statute to cover." *Id.*

The Motor Vehicle Financial Responsibility Act requires, in part, that a "motor vehicle liability policy" fulfill the requirements of S.C.Code Ann. § 38–77–140 (1989 & Supp.1999) (Liability coverage for damages arising out of ownership, maintenance or use must be issued, subject to limits of: "fifteen thousand dollars because of bodily injury to one person in any one accident and, subject to the limit for one person, thirty thousand dollars because of bodily injury to two or more in any one accident....."). The Act further subjects every motor vehicle liability policy to the following provisions:

(1) The liability of the insurance carrier with respect to the insurance required by this chapter shall become absolute whenever injury or damage covered by the motor vehicle liability policy occurs;

. . .

(3) No statement made by the insured or on his behalf and no violation of the policy shall defeat or void the policy[.]

S.C.Code Ann. § 56–9–20(5)(b) (Supp.1999).

However, the Financial Responsibility Act specifically permits coverage beyond the mandated minimum limits of § 38–77–140, and further makes inapplicable the mandatory provisions of § 56–9–20(5)(b) to excess coverage. It states in part:

Additional coverage permitted. Any policy which grants the coverage required for a motor vehicle liability policy may also grant any lawful coverage in excess of or in addition to the coverage specified for a motor vehicle liability policy and the excess or additional coverage shall not be subject to the provisions of this chapter. With respect to a policy which grants this excess or additional coverage, the term "motor vehicle liability policy" shall apply only to that part of the coverage which is required by this article.

S.C.Code Ann. § 56–9–20(5)(d) (Supp.1999). The statutory section which sets the mandatory minimum liability limits further states: "Nothing in this article prevents an insurer from issuing, selling, or delivering a policy providing liability coverage in excess of these requirements." S.C.Code Ann. § 38–77–140 (Supp.1999). This court has acknowledged "[i]t is clear that, while additional coverage is permitted by the Act, only the minimum limit is mandatory." *Universal Underwriters Ins. Co. v. Metropolitan Property and Life Ins. Co.,* 298 S.C. 404, 410, 380 S.E.2d 858, 862 (Ct.App.1989).

In *Universal Underwriters,* this court upheld a policy provision that limited coverage for injuries to an insured to the minimum limits, while providing a maximum of $500,000 in liability coverage for injuries to others. The court found the Financial Responsibility Act "provides no basis to hold that the provision of the policy limiting coverage to the statutory minimum is contrary to public policy." *Id.* at 410, 380 S.E.2d at 862; *See George v. Empire Fire and Marine Ins. Co.,* 336 S.C. 206, 519 S.E.2d 107 (Ct.App.1999) (cert. pending) (upholding exclusion for coverage of permissive users in excess policy, in two policy structure).

In *Shores v. Weaver,* 315 S.C. 347, 433 S.E.2d 913 (Ct.App. 1993) this court held, as a matter of public policy, that a minimum limits automobile liability insurance policy was not

defeated or voided by the insured's failure to comply with policy notice provisions after the accident, because the coverage was mandated by the legislature to protect innocent third parties. State Farm acknowledges that, under *Shores v. Weaver*, it may not avoid payment of the statutory minimum coverage. It contends, however, that its insured's breach of the policy defeats coverage in excess of the mandatory minimum limits.

Our sister state, North Carolina, has addressed an issue similar to that presented in this case. The North Carolina Court of Appeals, relying on G.S. § 20–279.21(g), which is identical to S.C.Code Ann. § 56–9–20(5)(d), found,

> [T]he holding ... that fraud in an application for motor vehicle liability insurance is not a defense to the insurer's liability once injury has occurred, applies only to the statutory minimum amount. In the case sub judice, the stated policy limit was greater than the statutory minimum and as to that amount, the above analysis does not apply.... We therefore hold that as to any coverage in excess of the statutory minimum, the insurer is not precluded by statute or public policy from asserting the defense of fraud....

*Odum v. Nationwide Mut. Ins. Co.,* 101 N.C.App. 627, 401 S.E.2d 87, 91, 92 (1991), *review denied,* 329 N.C. 499, 407 S.E.2d 539 (1991); *see Swain v. Nationwide Mut. Ins. Co.,* 253 N.C. 120, 116 S.E.2d 482 (1960) (stating Vehicle Financial Responsibility Act of 1957 changed the law with respect to the compulsory amount such that a violation of a policy provision was not a defense to liability of the insurer, but as to any amount in excess of that, a policy provision requiring notice to the insurer would be enforced as written and a violation was a valid and complete defense). We find this reasoning persuasive because our Legislature has provided that the Act is to be construed so as to make uniform the laws of those states which enact substantially identical legislation. *See* S.C.Code Ann. § 56–9–120 (Supp.1999).[1]

---

**1.** A number of other jurisdictions have reached similar conclusions: *Canal Ins. Co. v. Carolina Casualty Ins. Co.,* 59 F.3d 281 (1st Cir.1995) (applying New Hampshire law to find Financial Responsibility Law prevails over any contrary policy provision, but in fairness to insurer, beyond this the exclusion stands); *Universal Underwriters Ins. Co. v. American Motorists Ins. Co.,* 541 F.Supp. 755 (N.D.Miss.1982) (applying

Mississippi law to hold employee exclusion is ineffective up to minimum limits, but it does not affect the enforceability of the exclusion from excess coverage); *Arceneaux v. State Farm Mut. Auto. Ins. Co.*, 113 Ariz. 216, 550 P.2d 87 (1976) (holding automobile liability's household exclusion invalid only to the extent it conflicted with the Financial Responsibility Act); *Prudential v. Estate of Rojo–Pacheco*, 192 Ariz. 139, 962 P.2d 213 (Ct.App.1997) (holding that upon proof of insured's misrepresentation, insurer would be entitled to recission of policy as to the excess coverage); *Dewitt v. Young*, 229 Kan. 474, 625 P.2d 478 (1981) (adhering to general rule to find household exclusion void only as to the minimum coverage required by statute); *State Farm Mut. Auto. Ins. Co. v. Shelly*, 394 Mich. 448, 231 N.W.2d 641 (1975) (holding that where an exclusionary clause is void as against statutory policy, reinstated coverage is limited to the amount required so that the vehicle is not an uninsured motor vehicle within the meaning of the statute); *State Farm Mut. Auto. Ins. Co. v. Ballmer*, 899 S.W.2d 523 (Mo.1995) (holding household exclusion unenforceable up to statutory liability limits but valid as to any coverage exceeding those amounts); *Equity Mut. Ins. Co. v. Spring Valley Wholesale Nursery, Inc.*, 747 P.2d 947 (Okla.1987) (finding with a geographical exclusion clause, freedom of contract principles control as to any vehicle coverage in excess of that required by statute); *State Farm Mut. Auto. Ins. Co. v. Mastbaum*, 748 P.2d 1042 (Utah 1987) (holding that under Utah's then-applicable No–Fault Insurance Act household or family exclusion is valid as to insurance provided by an automobile policy in excess of the statutorily mandated amounts and benefits); *Allstate Ins. Co. v. U.S. Fidelity & Guaranty Co.*, 619 P.2d 329, 333 (Utah 1980) (stating, in holding named driver exclusion unenforceable only to the extent of statutory minimum coverage, "contracting parties are free to limit coverage in excess of the minimum required limits, and the exclusion found in the contract is valid in relation to any coverage exceeding the minimum amounts. Thus, a balance is struck between the necessity of securing minimum automobile liability coverage and the availability of lower premiums because of the exclusion of high insurance risks."); *Tibbs v. Johnson*, 30 Wash.App. 107, 632 P.2d 904 (1981) (noting non-cooperation is a valid defense to policy amount above the minimum limits); *Dotts v. Taressa J.A.*, 182 W.Va. 586, 390 S.E.2d 568 (1990) (concluding intentional tort exclusion in a motor vehicle liability insurance policy is precluded under Safety Responsibility law up to the minimum coverage required, but policy exclusion will operate as to any amount above the statutory minimum); *Pribble v. State Farm Mut. Auto. Ins. Co.*, 933 P.2d 1108 (Wyo.1997) (recognizing majority of cases hold exclusions enforceable with respect to policy amounts in excess of the statutory minimum in holding household exclusion does not violate public policy where it provides for the statutory minimum coverage).

*But see, Georgia Farm Bureau Mut. Ins. Co. v. Phillips*, 251 Ga. 244, 304 S.E.2d 725 (1983) (holding that because optional amounts of liability coverage are contemplated by Motor Vehicle Accident Reparations Act, insurer may not avoid coverage for statutory minimum or the more extensive coverage contained in policy when insured made material misrepresentation in securing the policy): *Lewis v. West Am. Ins. Co.*, 927 S.W.2d 829 (Ky.1996) (holding Kentucky Motor Vehicle Repara-

USAA submits that liability coverage in excess of the statutory minimum limits is, in effect, mandatory from the perspective of the insurer. *See* S.C.Code § 38–77–110(A) & (B) (Supp.1998) (requiring an insurer to write liability coverage with limits up to $250,000/$500,000 at the request of its insured).[2] USAA further argues this form of "mandatory" coverage is subject to the same public policy argument as applied in *Shores*, that coverage required to protect an innocent party against an insured's negligence will not be defeated by a violation of policy provisions. In *Shores*, this court recognized that "[t]he purpose of the Motor Vehicle Financial Responsibility Act and the Automobile Reparation Reform Act of 1974 is to afford greater protection to those injured through the negligent operation of automobiles in this State." *Shores*, 315 S.C. at 354, 433 S.E.2d at 916 (citations omitted). That public policy, however, has been effected by the enactment of the minimal limits coverage statute found in S.C.Code Ann. § 38–77–140. As recognized in *Shores*, "the legislature has determined that for all vehicles registered in South Carolina, at least minimal coverage is necessary to protect the public." *Id.* at 355, 433 S.E.2d at 917. To the extent the legislature determines this public policy is not being effected, it has the option of raising the minimum limits. We will not construe the plain language of the statute to extend the public policy beyond that which was plainly intended.

## CONCLUSION

In this case, the parties agreed Frazier failed to comply with the policy's terms and conditions, resulting in substantial prejudice to State Farm. We find no conflicting statutory provision overriding State Farm's authority to avoid coverage in excess of the statutory minimum limits under these circum-

---

tions Act precludes application of a family or household exclusion provision to the extent it attempts to eliminate any coverage in an automobile liability policy, including amounts in excess of the statutory minimums).

**2.** We note section 38–77–110, entitled "Insurers required to insure; exceptions," was repealed effective March 1, 1999. Therefore, our treatment of this argument is necessarily limited to the facts of this case.

stances. Therefore, we hold State Farm owes no further coverage under the policy.

**REVERSED.**

CONNOR and HUFF, JJ., concur.