DECISION
This matter is before the Court on the co-defendants, cross-claimants' cross motions for summary judgment. This is another insurance-coverage dispute involving automobile liability insurers whose policies contain competing "other-insurance" clauses. The Rhode Island Supreme Court has previously adopted a rule requiring pro-rata apportionment of liability among different insurers providing uninsured/underinsured motorist coverage according to the limits of their respective policies.
Hindson v. Allstate Insurance Co., et al., 694 A.2d 682 (R.I. 1997). However, because the instant dispute involves liability insurance coverage, and the subject policies were issued after Rhode Island adopted the so-called compulsory insurance statute (R.I. Gen. Laws 31-47-3.1), the issue presented is one of first impression.
 FACTS AND TRAVEL OF THE CASE
This cause began as a personal injury action filed by Susan J. Ferreira, who was injured in a motor vehicle collision. She alleged that her injuries were caused by the negligence of David B. Godbout (hereinafter "the driver") in the operation of a motor vehicle owned by Kenneth Mello, Jr. (hereinafter "the owner"). At the time of the accident, the motor vehicle owned by Mello was insured under policy of insurance issued to him by Holyoke Mutual Insurance Company (hereinafter "Holyoke") with liability limits of $50,000/$100,000. Godbout was insured by Progressive Insurance Company (hereinafter "Progressive") under his own policy of insurance which covered his own motor vehicle.
The liability limits on the Progressive policy were $100,000/$300,000.
Ferreira's personal injury claim was settled for $100,000, leaving open the disputed issue of the respective responsibilities of both Holyoke and Progressive regarding the settlement payment.[1] Both insurance carriers were desirous of having the coverage dispute resolved expeditiously and agreed to remain named defendants/cross-claimants in the action following the resolution of the underlying claim.
The parties agreed to treat the cross-claims as though they had been filed in a Declaratory Judgment Action and to submit the coverage issue to the Court on an agreed statement of facts for decision on cross-motions for summary judgment.
 ANALYSIS
Holyoke claims that it is liable for only a pro rata share of the payment and argues that Hindson controls the subject dispute. Both policies contain "other-insurance" provisions, and under Hindson, regardless of the wording of such provisions, the court construes them as providing that each carrier shall be liable for a pro rata share of the loss. The court expressed a desire to . . . "halt the incessant `battle of the draftsman' waged by, between and among the various insurance companies in these other-insurance-clause cases." Hindson, at 685, quoting, Brown v. Travelers Insurance Co., 610 A.2d 127, 130 (1992).
The Supreme Court in Hindson gave this court clear direction when examining such policy language. However, this case not only involves interpretation of competing other-insurance clauses, but also requires consideration of the effect, if any, of the compulsory insurance law that became effective in November 1993. Under R. I. Gen. Laws 31-47-3.1, "No motor vehicle shall be registered and no registration renewed in this state unless the application for registration contains a statement to be signed by the applicant stating that the applicant will not operate or allow to be operated the registered motor vehicle . . . unless [such motor vehicle is] . . . covered by financial security." In Rhode Island, the statutory minimum liability insurance coverage which will satisfy this financial security requirement is $25,000 per person and $50,000 per accident or $75,000 combined single limit. R. I. Gen. Laws31-32-24 and 31-47-2(13)(i)(A).
For this reason, Progressive denies that Hindson applies to the instant matter, and argues that Hindson is fact-driven and applies to uninsured/underinsured motorist coverage, but does not apply to liability claims.
The Court agrees in part with both arguments. In Universal Underwriters Insurance Company v. Allstate, 592 A.2d 515 (N.H. 1991), the New Hampshire Supreme Court addressed a case with similar facts to the case at bar. In Universal Underwriters, the owner of the vehicle was insured by one carrier with liability limits in excess of the statutory minimum. The driver owned his own vehicle and had a separate policy of liability insurance affording coverage to him. As our Supreme Court did in Hindson, the New Hampshire Supreme Court found that the other-insurance provisions of the competing policies were mutually repugnant and must be disregarded, and each insurer would be liable for its pro rata share of the loss.
However, the New Hampshire Supreme Court further found that the applicable financial responsibility law would be undermined if the owner's policy did not cover the first $25,000 of the injured party's claim. To hold otherwise would permit a registered vehicle to operate on the roads with less than the statutory minimum coverage and allow insurance carriers to circumvent the legislative mandate requiring liability insurance with set minimum limits.
In this case, the Holyoke policy was $50,000/$100,000. The Progressive policy was $100,000/$300,000. Under a pure pro rata formula, had Ferreira's claim been settled for less than $75,000, Holyoke's contribution would not have reached the statutory minimum coverage of $25,000.
As the New Hampshire Court stated:
 "The parties to an insurance contract may not by agreement limit the required coverage in contravention of the [Financial Responsibility Law]. Hence, a provision which conflicts with the Financial Responsibility Law cannot be a valid part of the contract of insurance. Therefore, it has no effect at least up to the minimum limits of liability provided by the Financial Responsibility Law." Universal Underwriters, supra at 517.
 CONCLUSION
For the foregoing reasons, the Court finds that Holyoke as the owner's insurer shall be liable for the first $25,000 of the settlement, and that the cost of settlement in excess of $25,000 is to be shared pro rata by Holyoke and Progressive.
Counsel shall submit an appropriate order to this Court for entry.
[1] The carriers each contributed $50,000 to the settlement of Ferreira's claim without prejudice to their right to re-allocate their respective contributions following this decision.