Justice PLEICONES.
I agree with the majority that the insurance policy at issue here is not ambiguous, but disagree with the finding that the family stepdown provision offends South Carolina’s public policy. I therefore concur in part and dissent in part, and would therefore affirm the circuit court order.
The majority finds the family step-down provision offends public policy as expressed by the General Assembly in S.C.Code Ann. § 38-77-142(0 (2006). In my opinion, reliance on § 38-77-142 is misplaced here, as that statute is concerned with the persons who must be covered under an automobile *609 insurance policy, and nothing in the family step-down alters the individuals covered by the GEICO policy. In my view, the relevant statutes against which we should judge the stepdown are S.C.Code Ann. 38-77-140 (2006)[9] and S.C.Code Ann. § 56-9-20(d)(2006).[10] I find nothing in the family step-down provisions that offends the policies expressed in these statutes.
Section 38-77-140 provides that all South Carolina automobile insurance policies must contain “a provision insuring the persons defined as insured against losses from the liability imposed by law for damages arising out of the ownership, maintenance, or use of these motor vehicles ...” and then establishes the minimum liability limits. § 38-77-140. The statute concludes “Nothing in this article prevents an insurer from issuing, selling, or delivering a policy providing liability coverage in excess of these requirements.” Id. Section 38-77-140 is the statute that establishes the minimum monetary coverage that must be a part of every South Carolina automobile liability policy. While this section permits but does not require an insurer to offer a policy that provides coverage in excess of the mínimums, § 38-77-140 contains no language analogous to that found in § 38-77-142(C).
Sections 38-77-142(A) and (B), on the other hand, are concerned with the persons who must be afforded coverage under an automobile insurance policy, and not with the amount of coverage that must be offered. When § 38-77-142(C) voids any provision “which purports or seeks to limit or reduce the coverage afforded by the provisions required by this section,” it is referring only to the persons who must be covered, which is the subject of § 38-77-142, and not to the monetary amount of liability coverage, which is the subject of § 38-77-140. In my opinion, a family step-down provision does not offend § 38-77-142(0 because it does not limit or *610 reduce the type of coverage to an individual identified in § 38-77-142(A) or (B), but rather only reduces the amount of monetary coverage to the minimum limits found in § 38-77-140.
Moreover, we have already decided that an automobile insurance policy may contain a provision stepping-down coverage to minimum limits without offending public policy. Universal Underwriters Ins. Co. v. Metropolitan Prop. and Life Ins. Co., 298 S.C. 404, 380 S.E.2d 858 (Ct.App.1989) (insurers have the right to limit their liability within statutory limits, and while permitted to offer additional coverage, are only required to provide the mandatory mínimums). In my opinion, given the pervasive statutory regulation of automobile insurance policies, it is for the General Assembly and not for the Court to decide that a family step-down provision offends South Carolina’s public policy. That the legislature has not acted to alter the rule announced in Universal Underwriters indicates to me that we were correct in holding that step-downs are valid. Finally, if we are to change the rules and now prohibit step-down provisions in automobile insurance policies, we should do so prospectively. Such a delay would permit both insurers and insureds entering contracts after the date this opinion becomes final to decide what coverage they will offer, and what coverage they will buy.
I would affirm.
KITTREDGE, J., concurs.

. This version of the statute rather than the amended version found in the 2012 Supplement applies here.

. This section found in the Motor Vehicle Financial Responsibility Act (MVFRA), S.C.Code Ann. §§ 56-9-10 et seq. (2006 and Supp.2012), states that any liability coverage offered over the minimum statutory limits is "not subject to the provisions of this chapter.” Thus the legislature has explicitly permitted insurers to offer different terms so long as the mandatory minimum coverage amounts are met. Nothing in GEICO’s family step-down provision offends the MVFRA.