## 21533

FIRST BAPTIST CHURCH OF TIMMONSVILLE, South Carolina, Respondent, v. GEORGE A. CREED & SON, INC. and The American Arbitration Association of whom George A. Creed & Son, Inc. is Appellant.

(281 S. E. (2d) 121)

*G. Thomas Cooper, Jr.,* and *Charles L. Dibble,* of Cooper, Bowen, Beard & Smoot, Camden, *for appellant.*

*David W. Keller, Jr.,* of McGowan, Nettles, Keller & Eaton, Florence, *for respondent.*

July 30, 1981.

GREGORY, Justice:

The court below permanently enjoined appellant George A. Creed & Son, Inc. (Creed) from forcing arbitration of its construction contract dispute with respondent First Baptist Church of Timmonsville, South Carolina (Church). We reverse and vacate.

The issue we face is whether the parties agreed to arbitrate any dispute arising under the contract. It is conceded the dispute which prompted this action would be governed by the provisions of the Federal Arbitration Act, 9 U. S. C. § 1, *et seq.,* should the Church be found to have agreed, in the contract, to arbitration. See *Episcopal Housing Corporation v. Federal Insurance Co.,* 269 S. C. 631, 239 S. E. (2d) 647 (1977).

The material facts are not at issue. The church solicited contractors' bids for the proposed construction of a new sanctuary and educational building. Creed was the successful bidder. The parties thereafter entered the construction contract in question, an AIA Standard Form of Agreement Between Owner and Contractor, prepared by the Church's architect.

Incorporated into the contract by reference were "General Conditions of the Contract for Construction", another AIA form document. Provision 7.10.1 thereof specifically provides:

"All claims, disputes and other matters in question arising out of, or relating to, this Contract or the breach thereof . . . shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association . . . unless the parties mutually agree otherwise."

The architect was the only church representative who read all of the General Conditions.

When a dispute arose over amounts due under the contract, Creed sought to enforce the arbitration provisions of the contract. This action by the Church for injunctive relief followed.

The courts are divided over what intention should be inferred from the inclusion of a general reference to association rules in a contract. See annotation, 41 A. L. R. (2d) 872 (1955). We note, however, the general law on arbitration agreements based on reference to other documents as follows:

"Arbitration of disputes arising under a contract may be provided for by reference to outside documents. Thus mercantile contracts often provide that the contract is to be governed by or subject to the rules of a particular association, and where the rules or regulations referred to provide for arbitration, the reference is generally held to be sufficient to bind the parties to future arbitration, provided the reference is clear and inclusive."

5 Am. Jur. (2d), *Arbitration and Award,* § 16 at pp. 532-33 (1962).

We think that, in the absence of a showing of fraud, mistake, unfair dealing or the like, a party to a contract incorporating an arbitration provision cannot escape the obligation of such a provision by simply declaring: "But I did not read the whole agreement." See the *Batter Building Materials Company v. Kirschner,* 142 Conn. 1, 110 A. (2d) 464 (1954).

This is especially true where, as here, the party seeking to avoid the provision does not dispute the validity of the contract or that it was entered into, *ibid.,* and is the party for whom the contract was drafted. See *Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida,*

*Inc.*, 219 So. (2d) 110 (Fla. Dist. Ct. App. 1969); and *cf. Northridge Cooperative Section No. 1 v. 32nd Avenue Construction Corp.*, 139 N. Y. S. (2d) 37 (N. Y. Sup. Ct. 1955) [arbitration not intended where, inter alia, neither principal to contract aware or informed of incorporated arbitration clause].

While those representing the Church in these matters were admittedly laymen, nothing prevented their consulting an attorney. The contract itself contains the following caveat, in capital letters on the front page:

"THIS DOCUMENT HAS IMPORTANT LEGAL CONSEQUENCES: CONSULTATION WITH AN ATTORNEY IS ENCOURAGED WITH RESPECT TO ITS COMPLETION OR MODIFICATION."

Here the reference to the "General Conditions" containing the arbitration provision was clear an inclusive. The Church had the contract prepared. It cannot, under these facts, escape the obligation. The order appealed is reversed and the injunction vacated.

Reversed and vacated.

LEWIS, C. J., and LITTLEJOHN, NESS and HARWELL, JJ., concur.