0192

Carolyn Brown HOLCOMBE, Appellant, v. ORKIN EXTERMINATING CO., INC., Respondent.

(317 S. E. (2d) 458)

Court of Appeals

*Dallas D. Ball,* Liberty and *R. Murray Hughes,* Pickens, *for appellant.*

*Francis Marion, Jr.,* of *Haynsworth, Perry, Bryant, Marion & Johnstone,* Greenville, *for respondent.*

Heard March 29, 1984.

Decided June 11, 1984.

GARDNER, Judge:

Appellant Carolyn Brown Holcombe (Holcombe) brought this action against respondent Orkin Exterminating Co., Inc., (Orkin) for breach of contract. The trial judge granted Orkin's motion for involuntary nonsuit. We disagree and reverse.

This action arose from a written contract between the parties pertaining to termite treatment and/or repair of termite damage to a fence. Holcombe alleges a breach of contract action for refusal to repair the fence after termite damage. Orkin contends the contract was limited to its agreement to retreat the fence, which it alleges it did. The case proceeded to trial and Orkin timely moved for involuntary nonsuit which the trial judge granted.

Holcombe first contends that the trial judge erred in holding the contract to be unambiguous and therefore to be construed by the court.

On a motion for involuntary nonsuit, the evidence must be viewed in a light most favorable to the plaintiff, and if more than one reasonable inference can be drawn therefrom, the judge must submit the case to the jury. *Duke v. Westvaco Development Corp.,* 279 S. C. 464, 309 S. E. (2d) 293 (S. C. App. 1983).

Where the terms of a contract are clear and unambiguous as a matter of law, its construction is for the court, but where the terms are ambiguous, the question of the parties' intent must be submitted to the jury. *Black v. Freeman,* 274 S. C. 272, 262 S. E. (2d) 879 (1980).

The record reveals certain uncontradicted facts. The contract contained this sentence: "You are entitled to an exact, executed copy of this agreement." The origi-

nal of the contract was retained by Orkin and the carbon copy prepared at the same time was given to Holcombe. The contract has this provision: "Orkin is to issue the type of guarantee as checked below and as defined on the reverse side of this contract." Below this provision are four empty blocks which are designated: Lifetime Repair (LR), Lifetime Retreatment (LC), Pretreat (PR), and None. On Holcombe's copy of the contract provided to her at the time of the signing of the contract, none of these blocks were checked. By stark contrast, Orkin retained the original of the contract which was in ink and the block Lifetime Retreatment (LC) was checked in pencil. The contract copy given to Mrs. Holcombe omitted any mention of the disputed issue of whether Orkin was to retreat or repair the fence. For this reason, we hold the contract to be ambiguous and further that the evidence was capable of more than one reasonable inference as to the parties' intent. The trial court erred in directing a verdict for Orkin on the basis that the contract was unambiguous and therefore to be construed by the court.

We next address Holcombe's contention that the trial judge erred in finding as a matter of fact that Mrs. Holcombe admitted that she never made written demand for repair or even notified Orkin that it had breached its agreement with her. This finding of fact is in no way supported by evidence of record. We hold the trial judge erred in making this finding of fact and the conclusion of law based thereon.

Furthermore, Holcombe alleged notice; Orkin did not controvert this allegation; Holcombe therefore had no duty to prove compliance with this condition. Section 15-13-730, South Carolina Code of Laws (1976). Additionally, the record shows written notice was given Orkin by reinspection agreement dated October 8, 1979, signed by Mrs. Holcombe and Orkin's inspector, which reflects discovery of termite tunnels.

For the foregoing reasons, we hold the trial judge erred in granting Orkin's motion for nonsuit. The judgment below is reversed and the case is remanded for trial.

Reversed and remanded.

CURETON and GOOLSBY, JJ., concur.