Robert J. ATKINS and Gigi Atkins, Appellants,

v.

HARTFORD CASUALTY INSURANCE COMPANY, Appellee.

No. 86–1480.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 9, 1986.

Decided Sept. 18, 1986.

Rehearing Denied Oct. 24, 1986.

George J. Miller, St. Louis, Mo., for appellants.

Rochelle A. Kaskowitz, St. Louis, Mo., for appellee.

Before LAY, Chief Judge, HENLEY, Senior Circuit Judge, and BOWMAN, Circuit Judge.

PER CURIAM.

Appellants Robert J. and Gigi Atkins appeal from a summary judgment entered against them on their insurance claim by the United States District Court for the Eastern District of Missouri.[1] Appellants challenge the court's determination that their policy was unambiguous and that it did not provide coverage in an amount greater than that which appellee had already paid. We affirm.

Appellants purchased an automobile insurance policy from appellee which provided for $100,000.00 in liability coverage, $50,000.00 in uninsured motorist coverage, and $1,000.00 in medical payments. The policy clearly stated that no-fault coverage was unavailable in Missouri. The policy also provided out-of-state coverage as follows:

If an auto accident to which this policy applies occurs in any state or province other than the one in which your covered auto is principally garaged, we will interpret your policy for that accident as follows:

If the state or province has:

1. A financial responsibility or similar law specifying limits of liability for bodily injury or property damage higher than the limit shown in the Declarations, your policy will provide the higher specified limit.

2. A compulsory insurance or similar law requiring a nonresident to maintain insurance whenever the nonresident uses a vehicle in that state or province, your policy will provide at least the required minimum amounts and types of coverage.

On July 9, 1983 Mr. and Mrs. Atkins were traveling through Georgia when Mr. Atkins drove their truck into the back of a Georgia State Highway Patrol car. Georgia had a compulsory insurance statute requiring no-fault coverage in the amount of $5,000.00 per injured person. Alleging injuries and losses in excess of $100,000.00, appellants filed a claim with appellee. Appellee paid appellants $5,000.00 each in accordance with the Georgia statute, and $1,000.00 each under the medical portion of the policy. Appellants then brought suit seeking to force appellee to pay up to the policy's $100,000.00 liability coverage limit.

Pursuant to Fed.R.Civ.P. 12(b), appellee's motion to dismiss was converted by the court into a motion for summary judgment under Fed.R.Civ.P. 56. The facts were not in dispute, and the only issue was whether the policy covered the appellants' claim. Appellants contended that the out-of-state coverage provision was ambiguous, and that it should therefore be interpreted in their favor to provide $100,000.00 in no-fault coverage on this claim. Appellee contended that its payment to appellants fully complied with the policy and Georgia law.

In its Memorandum and Order the district court noted that Missouri law of contract interpretation applied in this case, *see Whited v. National Western Life Insurance Co.*, 526 S.W.2d 364, 366 (Mo.App. 1975), and that ambiguous terms in the policy were to be interpreted in favor of the insured, *see Howard v. Russell Stover Candies, Inc.*, 649 F.2d 620, 623 (8th Cir. 1981). The court found, however, that the language of the policy was clear and unambiguous. It also found that since no-fault coverage was clearly unavailable in Missouri, appellants did not contract for it. Therefore, the liability coverage limit could not possibly apply to no-fault coverage. Further, the court found that the maximum no-fault coverage available under the out-of-state coverage provision for this accident was the $5,000.00 in no-fault coverage required by Georgia law. The court could find no way for appellants to recover $100,000.00 in no-fault coverage under the policy

1. The Honorable Clyde S. Cahill, United States District Judge, Eastern District of Missouri.

in this situation, and it therefore entered summary judgment for appellee.

■ On appeal appellants once again contend that the policy provided for $100,000.00 in no-fault coverage in this situation. They also argue that they should recover because it was their reasonable expectation in purchasing the policy that they would receive out-of-state coverage up to the $100,000.00 liability coverage limit. We cannot agree.

"Whether a contract is ambiguous, is a question of law. If the court determines that there is no ambiguity, then the ... interpretation of the contract is for the court to determine, as garnered from the four corners of the document." *Press Machinery Corp. v. Smith R.P.M. Corp.*, 727 F.2d 781, 784 (8th Cir.1984). When we view the disputed provision in the context of the entire policy and give the words their ordinary meaning as they would be understood by average people, *see Lehman Brothers Kuhn Loeb, Inc. v. Clark Oil & Refining Corp.*, 739 F.2d 1313, 1317 (8th Cir.1984), *cert. denied*, 469 U.S. 1158, 105 S.Ct. 906, 83 L.Ed.2d 921 (1985), we agree with the district court that it is reasonably susceptible of only one construction and therefore unambiguous. We also can find no error in the court's interpretation of the policy.

Appellants contend that the phrase *"at least the required minimum"* (emphasis added) in the out-of-state coverage provision implies more than the minimum required coverage. The phrase "at least" implies the possibility of more coverage if more is provided for in the policy. Nowhere in the policy is there any provision for no-fault coverage, and the phrase "at least" therefore is of no consequence in this situation.

We are equally unpersuaded by appellants' reasonable expectation argument. "[W]here the doctrine is applicable, it must appear that the expectation of coverage was not that of the claimant alone but was that of the average public member...." *Lawrence v. New York Life Insurance Co.*, 649 S.W.2d 461, 467 (Mo.App.1983). Appellants contend that their reasonable expectation was that they contracted for $100,000.00 in out-of-state coverage, no matter what form it might take. In order to apply the doctrine in that way, it would be necessary for us to ignore the first sentence in the out-of-state provision: "If an auto accident ... occurs in any [other] state ..., *we will interpret your policy as follows*[.]" (Emphasis added.) This sentence clearly states that the provisions of the policy apply to out-of-state accidents only as specified in the out-of-state coverage provision. The out-of-state provision sets its own coverage limit as "at least the required minimum amounts and type of coverage[,]" and we have already discussed the plain meaning of this phrase. The average person would not reasonably expect the $100,000.00 liability coverage limit to apply to the out-of-state coverage provision in the situation presented by this case. Nor would the average person who had contracted for liability coverage expect to get no-fault coverage. *See Estrin Construction Co. v. Aetna Casualty and Surety Co.*, 612 S.W.2d 413, 427 (Mo.App. 1981).

■ The interpretation of an unambiguous contract is a proper subject for summary judgment. *See Howard*, 649 F.2d at 623. Finding no error of fact or law, we affirm the entry of summary judgment in favor of appellee. *See* 8th Cir.R. 14.