22691

Jack SHAW, Respondent v. EAST COAST BUILDERS OF COLUMBIA, INC., Appellant.

(354 S. E. (2d) 392)

Supreme Court

*T. Alexander Beard,* of *Cooper, Beard & Dibble,* Columbia, for appellant.

*Kenneth M. Suggs,* of *Ken Suggs-Mike Kelley, Lawyers,* Columbia, *for respondent.*

Heard Jan. 21, 1987.

Decided March 30, 1987.

RICHTER, Acting Associate Justice:

The circuit court denied appellant's motion to dismiss. We affirm.

Appellant East Coast Builders of Columbia, Inc. (East Coast) and respondent Jack Shaw (Shaw), entered into a contract for the construction of a building in Irmo, South Carolina. The parties used a form contract put out by the American Institute of Architects (AIA), entitled "Standard Form of Agreement Between Owner and Contractor."

After the building was constructed by East Coast, a dispute arose between parties. Shaw filed an action alleging that East Coast had breached the contract and that Shaw had been damaged by the breach. East Coast demurred to the complaint on the ground that the court lacked jurisdiction because the contract provided for disputes to be settled by arbitration.

The demurrer was heard and the circuit court ruled that a demurrer was no longer permitted under South Carolina's Rules of Civil Procedure which took effect July 2, 1985. East

Coast was then allowed to file a responsive pleading under the new rules and, in fact, filed a motion to dismiss on the ground that the circuit court lacked subject matter jurisdiction because the parties' contract required that any disputes be settled by arbitration. The motion to dismiss was denied and we affirm.

The document containing the arbitration provision was not attached to the contract signed by the parties. It is undisputed that one contract may incorporate another by reference, *Twiggs v. Williams*, 98 S. C. 431, 82 S. E. 676 (1914), and we have stated the general law on arbitration agreements based on reference to other documents.

> Arbitration of disputes arising under a contract may be provided for by reference to outside documents. Thus, mercantile contracts often provide that the contract is to be governed by or subject to the rules of a particular association and where the rules or regulations referred to provide the arbitration, the reference is generally held to be sufficient to bind the parties to future arbitration, *provided the reference is clear and inclusive* (emphasis added).

*First Baptist Church v. Creed & Sons, Inc.*, 276 S. C. 597, 599, 281 S. E. (2d) 121, 122-23 (1981) (quoting 5 Am. Jur. (2d) Arbitration and Award § 16 (1962) ).

We agree with the circuit court that the reference to the contract containing the arbitration provision was ambiguous. This is especially true because the parties did attach to the signed contract a typewritten document entitled "Specifications." The opening line says "Section I. General Conditions." The conditions which follow make no mention of arbitration. The references in the signed contract which appellant contends refer to the AIA "General Conditions Contract," which contains the arbitration clause, could just as easily refer to the "General Conditions" contained in the attached document.

The circuit court concluded that the agreement viewed in its totality, including the attachments of specifications entitled "General Conditions," created an ambiguity which is litigable in this matter as to whether or not the parties agreed to arbitration as a means of disposing of disputes under the contract.

Affirmed.

Ness, C. J., and Gregory and Finney, JJ., concur.

Chandler, J., not participating.