**1633**

R.T. TRAYNHAM and Pat Traynham, Respondents v.
YEARGIN ENTERPRISES, INC., Appellant.

(403 S.E. (2d) 329)

Court of Appeals

---

[2] *See,* S.C. Code Ann. § 16-3-20(B) and 16-3-28 (1989 Supp.)
[3] 293 S.C. 515, 362 S.E. (2d) 13 (1987).

*Thomas H. Coker, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*James D. Calmes, III,* Greenville, *for respondents.*

Heard Jan. 23, 1991.

Decided March 11, 1991.

GARDNER, Judge:

R.T. Traynham and Pat Traynham (the Traynhams) sued Yeargin Enterprises, Inc., (Yeargin) for the breach of a contract to build a house. Yeargin moved to dismiss the complaint on the grounds that the contract incorporated by reference an agreement to arbitrate. The trial judge overruled the motion. We affirm.

The sole issue of merit is whether the contract between the parties incorporated by reference an arbitration agreement.

The contract is on a form of the American Institute of Architects known as A.I.A. document A101. The front of document A101 states "use only with the 1976 edition of A.I.A. document A201 . . . ," which contains a clause that says disputes involving the contract "shall be decided by arbitration. . . ." Document A201 was not attached to the contract.

Under Article 1 it is stated that the contract documents consist of "this agreement, the conditions of the contract, (general, supplementary and other condi-

tions), the drawings, the specifications, all addenda issued prior to and all modifications issued after execution of this agreement." It is then stated in clear language that these form the contract and are incorporated as if they were attached to the agreement or repeated therein. Then Article 1 says an "enumeration of the contract documents appears in Article 7." But there is no enumeration or description of the conditions of the contract under Article 7 as there was in *First Baptist Church of Timmonsville v. George A. Creed & Son, Inc.*, 276 S.C. 597, 281 S.E. (2d) 121 (1981). In that case, there was a reference to the general conditions with directions about where they might be obtained. As noted, the case before us contains no such reference. No description is given of the general conditions, and no directions are given to the Traynhams about where they might find them. For these reasons, we find that the contract is ambiguous with reference to the general conditions which contain the arbitration clause.

Where the terms of a contract are clear and unambiguous, the construction of the contract is a matter of law for the court, but where the terms of a contract are ambiguous, the intention of the parties becomes a question of fact to be determined by the jury. *Holcombe v. Orkin Exterminating Co., Inc.*, 282 S.C. 104, 317 S.E. (2d) 458 (Ct. App. 1984). Extrinsic evidence relating to the conditions surrounding the parties, the circumstances under which the contract was executed and the negotiation between the parties leading to the execution thereof is admissible to aid the jury in determining the intent of the parties if the contract is ambiguous. *Garrett v. Pilot Life Ins. Co.*, 241 S.C. 299, 128 S.E. (2d) 171 (1962); *see Columbia East Assoc. v. Bi-Lo, Inc.* 299 S.C. 515, 386 S.E. (2d) 259 (Ct. App. 1989).

We hold that the trial court properly overruled the motion to dismiss the complaint. The question of whether it was the intent of the parties to submit to arbitration will have to be made an issue by Yeargin when it answers the complaint. This case is controlled by *Shaw v. East Coast Builders of Columbia, Inc.*, 291 S.C. 482, 354 S.E. (2d) 392 (1987). There the court held that because the construction contract's reference to the arbitration clause (which was not attached to the contract) was unclear and uncertain, the contract viewed in its totality created an ambiguity which was litigable as to

whether the parties agreed to arbitration.

Because the contract before us is ambiguous, we hold that the trial judge properly overruled the motion to dismiss the complaint. For this reason, the appealed order is affirmed.

Affirmed.

BELL and CURETON, JJ., concur.