THIS OPINION HAS NO PRECEDENTIAL 
 VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT 
 AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Josephine Washington and Annie Brown,       
Respondents,
 
 
 

v.

 
 
 
Kimberly Eve Miller,       
Appellant.
 
 
 

Appeal From Charleston County
A. Victor Rawl, Circuit Court Judge

Unpublished Opinion No. 2004-UP-276
Heard April 6, 2004  Filed April 22, 2004

AFFIRMED IN PART, REVERSED IN PART, and REMANDED

 
 
 
Patrick W. Carr, of Charleston, for Appellant.
Akim A. Anastopoulo, Constance A. Anastopoulo and Eric S. Brock, all of Charleston, 
 for Respondents.
 
 
 

PER CURIAM:  In this negligence case, Kimberly 
 Eve Miller (Appellant) appeals from an order of the circuit court granting summary 
 judgment to Josephine Washington and Annie Brown (collectively, Respondents) 
 as to both negligence and proximate cause, while leaving the determination of 
 the amount of damages to the jury.  We affirm in part, reverse in part, and 
 remand.
FACTS
This case arises from an automobile 
 accident which occurred on May 4, 2001, between Appellant and Respondent Josephine 
 Washington.  Respondent Washingtons mother, Annie Brown, was a passenger in 
 her daughters car, which was being driven in the left hand lane.  Appellant 
 changed from the middle lane to the left lane so that she would be in position 
 to make a left hand turn.  Prior to changing lanes, Appellant checked her side 
 mirror, but did not realize how close the Respondents car was to Appellants 
 vehicle.  As a result, Appellant struck the Respondents car.
During her deposition, the Appellant 
 was asked: Do you believe sitting here today that you could have avoided this 
 accident?  Appellant answered: I think  yes, yes, I think that if I had realized 
 that I didnt have enough space to get over, then I would have not tried to 
 go over in her lane.  Based on this admission and affidavits from a physician 
 that the Respondents injuries were proximately caused by the accident, the 
 Respondents moved for summary judgment.  Appellant did not submit any affidavits 
 at the summary judgment hearing regarding duty, breach, or proximate cause.  
 Instead, Appellant relied on the denials and defenses found in the pleadings.
The circuit court granted summary judgment as to 
 duty, breach, and proximate cause, leaving the determination of the amount of 
 damages to the jury.
STANDARD OF REVIEW
Summary judgment is appropriate where the pleadings, 
 depositions, answers to interrogatories, and admissions on file, together with 
 the affidavits, if any, show there is no genuine issue as to any material fact 
 and the moving party is entitled to a judgment as a matter of law.  Hansen 
 ex rel. Hansen v. United Servs. Auto. Assn, 350 S.C. 62, 67, 565 S.E.2d 
 114, 116 (Ct. App. 2002) (citing Rule 56(c), SCRCP; Tupper v. Dorchester 
 County, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997)).
LAW/ANALYSIS
1.  Summary Judgment as to 
 Liability
In a claim of negligence, the 
 plaintiff must show the: (1) defendant owes a duty of care to the plaintiff; 
 (2) defendant breached the duty by a negligent act or omission; (3) defendants 
 breach was the actual and proximate cause of the plaintiffs injury; and (4) 
 plaintiff suffered an injury or damages.  Andrade v. Johnson, 356 
 S.C. 238, 245, 588 S.E.2d 588, 592 (2003).  In this case, the Respondents 
 presented Appellants deposition testimony admitting she could have avoided 
 the accident if she had realized that she did not have enough space to change 
 lanes without striking the Respondents vehicle.  Appellant did not file any 
 counter-affidavits or introduce any deposition testimony. 
 [1]   South Carolina law requires that: 

Where the plaintiff relies solely 
 upon the pleadings, files no counter-affidavits, and makes no factual showing 
 in opposition to a motion for summary judgment, the lower court is required 
 under Rule 56, to grant summary judgment, if, under the facts presented by the 
 defendant, he was entitled to judgment as a matter of law. . . .

Humana Hospital-Bayside v. 
 Lightle, 305 S.C. 214, 216, 407 S.E.2d 637, 638 (1991).
Appellant argues that because 
 her deposition contains statements that she had turned on her left-hand turn 
 signal and checked for other cars using the mirror and looking over her shoulder, 
 an issue of comparative negligence has been created.  This argument is not compelling 
 in light of Appellants admission that she breached her duty to yield to the 
 favored driver before switching lanes.  See S.C. Code Ann. § 56-5-1900(a) 
 (1991).  While courts should be reticent to endorse summary judgments in cases 
 involving comparative negligence, this reticence does not mean that simply pleading 
 comparative negligence will operate as a bar to summary judgment.  Cf. Thomasko 
 v. Poole, 349 S.C. 7, 12, 561 S.E.2d 597, 599 (2002) (stating that [i]n 
 a comparative negligence case, the trial court should grant the [directed verdict] 
 motion if the sole reasonable inference from the evidence is the non-moving 
 partys negligence exceeded fifty percent.).  In this case, because of Appellants 
 admission, the sole reasonable inference is that Appellants negligence caused 
 the accident.  Accordingly, the circuit court properly granted summary judgment 
 after considering the admission in the deposition and the lack of opposition 
 by Appellant.
2.  Summary Judgment as to 
 Proximate Cause
Despite the grant of summary 
 judgment regarding liability, the Respondents are not relieved of their responsibility 
 to prove that Appellants breach was the actual and proximate cause of the Respondents 
 injuries.  See Andrade v. Johnson, 356 S.C. 238, 245, 588 
 S.E.2d 588, 592 (2003).  A physicians affidavit stating that in [his] 
 professional opinion, to a reasonable degree of medical certainty most probably, 
 [the Respondents] injuries . . . were a proximate result of the injuries [they] 
 sustained in the automobile accident does not foreclose a jurys opportunity 
 to measure the credibility of the evidence as to proximate cause.  The fact 
 that testimony is not contradicted directly does not render it undisputed.  
 There remains the question of the inherent probability of the testimony and 
 the credibility of the witness or the interests of the witness in the result 
 of the litigation.  Black v. Hodge, 306 S.C. 196, 198, 410 S.E.2d 595, 
 596 (Ct. App. 1991) (citation omitted).
In contrast to the physicians 
 affidavit, the following facts exist: (1) the Respondents refused medical treatment 
 at the scene of the accident; (2) the automobile air bags did not deploy; and 
 (3) the Respondents car was driven away from the scene of the accident.
In determining whether any triable 
 issue of fact exists, the evidence and all inferences which can be reasonably 
 drawn therefrom must be viewed in the light most favorable to the non-moving 
 party.  Summer v. Carpenter, 328 S.C. 36, 42, 492 S.E.2d 55, 58  (1997).  
 Taking the deposition testimony in the light most favorable to Appellant, inferences 
 could be drawn that this was a minor accident that would not normally cause 
 injury to the Respondents.  In light of these facts, a determination about the 
 extent to which the accident did or did not cause injuries should be left to 
 a jury.  Accordingly, the circuit courts grant of summary judgment as to proximate 
 cause is reversed.
In light of our ruling as to 
 proximate cause, it is not necessary to address Appellants allegation that 
 the circuit court improperly considered Appellants payment to Respondent Washington 
 in settlement of property damage.  Additionally, the verdict form ordered by 
 the circuit court is no longer appropriate as it required the jury to return 
 a monetary verdict for the Respondents.  This Court would suggest that the appropriate 
 verdict form to be used is one that offers two choices for each of the Respondents: 
 (1) We, the jury, find for the Plaintiff in the amount of  ______ actual damages; 
 and (2) We, the jury, find for the Defendant.
CONCLUSION
Accordingly, 
 based on the foregoing reasons, the decision of the circuit court is
AFFIRMED IN PART, REVERSED 
 IN PART, and REMANDED.
HEARN, C.J., ANDERSON, and 
 BEATTY, JJ., concur.

 
 
 [1] Appellant stated the deposition of the investigating officer had 
 been scheduled for the week following the summary judgment hearing.  However, 
 the deposition statement by Appellant is a clear admission that could not 
 be refuted by the limited testimony of an investigating officer.