THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 American National Property and Casualty Insurance Company, Respondent,
 v.
 Rebecca Ramsey, Individually and as the Personal Representative of the Estate of Steve Ramsey, 
 and Charles Ramsey, Defendants,
 Of Whom Rebecca Ramsey, Individually and as the Personal Representative of the Estate of Steve 
 Ramsey is the Appellant.
 
 
 

Appeal From Chester County
 Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2007-UP-215
Submitted May 1, 2007  Filed May 11, 2007

AFFIRMED

 
 
 
 Julia G. Young, of Columbia, for Appellant.
 George V. Hanna, IV, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Rebecca Ramsey appeals the circuit courts order granting a declaratory judgment for American National Property and Casualty Insurance Company (American National).  The circuit court held that although an exclusion in American Nationals policy was void, as it conflicted with the South Carolina Motor Vehicle Financial Responsibility Act (Act), the exclusion was void only to the minimum liability coverage mandated by the act.  We affirm.[1]
At the time of the accident, South Carolina law required minimum liability coverage of $15,000.  S.C. Code Ann. § 38-77-140 (2002).  South Carolina law also allowed an insurer to exclude coverage in excess of the minimum liability coverage.  See S.C. Code Ann. § 56-9-20(5)(d) (2002) (proscribing that if an insurer chooses to provide excess liability coverage, the excess coverage shall not be subject to the provisions of [the Act].).  Accordingly, American National was entitled to exclude coverage in excess of the statutory minimum liability coverage of $15,000.  
In this case, the policy American National issued to Ramsey excluded liability coverage for family members living with the insured.  This exclusion was triggered because at the time of the accident the decedent shared a home with the insured, the decedents brother.  This exclusion was void, however, because it violated section 38-77-30 of the South Carolina Code (2002), which provides that an insured includes a resident relative.  
The question before the circuit court was whether the exclusion was void only to the extent it excludes minimum liability coverage provided by statute, or void as to the entire policy.  American National argued the exclusion was void only to the extent of the statutory minimum liability coverage, and, therefore, American National owed Ramsey $15,000, which American National already paid.  Ramsey argued the exclusion was void to the full policy limits, and, therefore, American National owed Ramsey $235,000 (the $250,000 Policy limit minus the $15,000 statutory minimum limit American National already paid Ramsey).  The circuit court ruled the exclusion was void only to the extent of the statutory minimum liability coverage.  
We concur with the circuit court.  In Hansen v. USAA, 350 S.C. 62, 565 S.E.2d 114 (Ct. App. 2002), we held that excess coverage beyond the statutory minimum liability coverage is governed by the terms of the contract.  Hansen controls this case.[2]  Thus, American National could (and did) exclude excess coverage beyond the statutory minimum liability coverage of $15,000.  Because American National has already paid Ramsey the statutory minimum liability of $15,000, it has satisfied its obligation to Ramsey under the policy.  
The circuit courts order is 
AFFIRMED.
HEARN, C.J., and GOOLSBY, and KITTREDGE, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR. 
[2]  Ramsey argues Hansen is distinguishable because in Hansen the policy expressly provided that the insurer would cover the statutory minimum liability coverage, while in this case the policy does not.  Hansen is not distinguishable for this reason because the policy at issue in this case provides that American National will cover the statutory minimum liability coverage:

 CONFORMITY WITH STATE FINANCIAL RESPONSIBILITY LAWS
 When we certify this policy as proof under a state financial responsibility law, it will comply with that law to the extent of the coverage and limits of liability required by that law. 

(emphasis in original).