**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1009**

ERNEST BOWMAN, Personal Representative of the Estate of
Easel Hamilton; JENNIFER WILLIAMS; HENRY L. COHEN,

　　　　　Plaintiffs - Appellants,

　　　v.

THE STANDARD FIRE INSURANCE COMPANY, f/k/a Aetna Life &
Casualty Insurance Company, a/k/a St. Paul Travelers,

　　　　　Defendant - Appellee.

Appeal from the United States District Court for the District of
South Carolina, at Charleston.  C. Weston Houck, Senior District
Judge.  (2:06-cv-03307-CWH)

Submitted:  September 3, 2010　　　Decided:  October 15, 2010

Before MOTZ, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Andrew K. Epting, Jr., ANDREW K. EPTING, JR., LLC, Charleston,
South Carolina; George J. Kefalos, GEORGE J. KEFALOS, P.A.,
Charleston, South Carolina, for Appellants.  M. Dawes Cooke,
John William Fletcher, BARNWELL WHALEY PATTERSON & HELMS, LLC,
Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ernest Bowman, Jennifer Williams, and Henry Cohen ("Appellants") appeal the district court's order denying their motion to alter or amend the court's order granting Standard Fire Insurance Company's ("Standard Fire") motion for summary judgment and dismissing the complaint. We affirm.

Appellants claim on appeal, as they did in the district court, that Standard Fire is responsible for satisfying a judgment rendered against Highway Materials, Inc. Highway Materials maintained a general commercial liability ("GCL") insurance policy and an excess umbrella insurance policy with Standard Fire from 1990-1991. The judgment against Highway Materials arose out of injuries sustained in a series of automobile accidents in South Carolina in 1998, which were allegedly caused by Highway Materials's negligence in the early 1990s, when they were constructing the highway. Appellants claim that the insurance agreement obliges Standard Fire to satisfy a judgment stemming from a bodily injury taking place at any time because they claim that the insurance policies do not temporally limit when the injury must take place for the insurance coverage to be activated. Standard Fire disputes this interpretation of the insurance agreement.

The relevant language in the GCL policy states "[t]his insurance applies only to 'bodily injury' and 'property damage'

2

which occurs during the policy period. The 'bodily injury' or 'property damage' must be caused by an occurrence.'" The policy defines bodily injury as "bodily injury, shock, fright, mental injury, disability, mental anguish, humiliation, sickness or disease sustained by a person, including death resulting from any of these at any time." Appellants urge the court to view "bodily injury" and "property damage" disjunctively because they claim that such a reading would render the limiting "policy period" language ineffective with respect to "bodily injury." They also argue that the term "at any time" at the end of the definition of bodily injury should be interpreted to mean that any of the events giving rise to bodily injury may happen at any time in order to be covered under the policy.

Standard Fire argues that "bodily injury" and "property damage" should be read together so that the "policy period" language applies with equal force to both. They also claim that the term "at any time" means only that a resulting death may happen at any time, so long as the injury which caused the death took place during the policy period. They also claim that Appellants' interpretation is untenable and inconsistent with the intent of the parties to the agreement.

We review de novo a district court's order granting summary judgment. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). Summary judgment

3

should be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment" is proper. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986) (citations omitted).

Under South Carolina law (which the parties agree governs this appeal), "[a]n insurance contract is subject to the general rules of contract construction." Hansen ex rel. Hansen v. United Servs. Auto. Ass'n, 565 S.E.2d 114, 116 (S.C. Ct. App. 2002) (citation omitted). Moreover, "[t]he purpose of all rules of construction is to ascertain the intention of the parties to the contract." Id. (citation omitted).

"If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect." Schulmeyer v. State Farm Fire & Cas. Co., 579 S.E.2d 132, 134 (S.C. 2003) (citation omitted). "Furthermore, a contract is ambiguous only when it may fairly and reasonably be understood in more ways than one." Hansen, 565 S.E.2d at 117. (internal

4

quotation marks and citation omitted). "[W]hen an insurance policy . . . is susceptible to more than one reasonable interpretation, one of which would provide coverage, [courts] must hold as a matter of law in favor of coverage." Gaskins v. Blue Cross-Blue Shield of S.C., 245 S.E.2d 598, 602 (S.C. 1978) (citation omitted); see also Goldston v. State Farm Mut. Auto. Ins. Co., 594 S.E.2d 511, 518 (S.C. Ct. App. 2004) ("Where language used in an insurance contract is ambiguous, or where it is capable of two reasonable interpretations, that construction which is most favorable to the insured will be adopted.") (internal quotation marks and citation omitted). In determining the meaning of contract terms, "[t]he Court must give policy language its plain, ordinary, and popular meaning." Century Indem. Co. v. Golden Hills Builders, Inc., 561 S.E.2d 355, 358 (S.C. 2002).

The rule of strict construction against an insurer does not authorize a perversion of language or the exercise of inventive powers for the purpose of creating an ambiguity where none exists, S.S. Newell & Co. v. Am. Mut. Liab. Ins. Co., 19 S.E.2d 463, 467 (S.C. 1942), nor should courts torture the meaning of policy language to extend or defeat coverage that was never intended by the parties, Torrington Co. v. Aetna Cas. & Sur. Co., 216 S.E.2d 547, 550 (S.C. 1975). Rather, if the meaning of a particular word or phrase cannot be determined from

5

the language itself, a court must read the policy as a whole and consider the context and subject matter of the insurance contract in order to discern the parties' intention. See Yarborough v. Phoenix Mut. Life Ins. Co., 225 S.E.2d 344, 348-49 (S.C. 1976).

Here, the district court analyzed the language at issue, and in ruling on Appellants' motion to alter or amend, expressly concluded that it was not ambiguous. We concur. Appellants propose an altogether novel interpretation of the language at issue that is simply not consistent with the policy as a whole. It strains credulity to suggest that the parties intended for the insurance agreement to provide coverage for bodily injuries at any indefinite time after the policy's expiration. We therefore agree that the terms are not ambiguous, and that the policy does not apply to Appellants' judgment against Highway Materials.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

6